# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MAIKA FAUTEUX,<br>    Plaintiff,<br><br>          v.<br><br>WALMART, INC.,<br>    Defendant. | CV 20-925 DSF (RAOx)<br><br>Order DENYING Motion to Remand (Dkt. No. 8) |

    Plaintiff moves for remand. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for April 6, 2020 is removed from the Court's calendar.

    This personal injury case is about a bicycle accident in Tucson, Arizona involving a bicycle purchased from Defendant in Tucson. The case was initially filed in Los Angeles Superior Court on March 12, 2019. The complaint did not plead Plaintiff's citizenship or the amount in controversy. On May 4, 2019, after some dispute between the parties regarding the appropriateness of the forum, Plaintiff filed a second case in the United States District Court for the District of Arizona. Eventually, Defendant filed a motion to dismiss the state court case. In opposition to that motion, Plaintiff revealed that she was a resident of California. When the motion to dismiss the state court case was denied, the parties agreed to dismiss the federal case in Arizona. In October 2019, Defendant requested a statement of damages under California law, but Plaintiff responded that every category of damages was "[u]nknown at this time." On January 9, 2020, after Defendant moved to compel, Plaintiff provided responses to

the amount of damages sought, which exceeds the federal statutory amount in controversy. The case was removed to this court on January 29, 2020.

Plaintiff moves for remand, arguing that the removal was untimely.

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1), (3).

Plaintiff argues that Defendant had notice of the amount in controversy in this case from the Arizona federal action concerning the same subject matter well prior to 30 days before removal. While this argument has appeal, it has been rejected by the Ninth Circuit. Peabody v. Schroll Trust, 892 F.2d 772, 775 (9th Cir. 1989). Plaintiff also argues that Defendant's acknowledgment of Plaintiff's oral demand began the time for removal. But the time for removal begins after the "receipt" of "an amended pleading, motion, order or other

2

paper." An oral demand is not a pleading, motion, or other paper and a written statement by defense counsel is not received by a defendant.[1]

Despite Defendants' obvious awareness of the amount in controversy well before 30 days prior to removal, the peculiar circumstances of the case make the removal timely under 28 U.S.C. § 1446. The motion to remand is DENIED.

IT IS SO ORDERED.

Date: March 25, 2020

Dale S. Fischer
United States District Judge

---

[1] Plaintiff includes an exhibit of an undated demand letter that, if sent at all, appears to have been sent prior to litigation. Pl. Ex. E. Plaintiff does not mention the letter in the moving brief and does not seem to rely on it in her motion. To the extent that Plaintiff intends to rely on the letter, a prelitigation demand does not begin the time under 28 U.S.C. § 1446(b)(3) because it does not occur after the initial pleading. See Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 885–86 (9th Cir. 2010).